E-FILED
Thursday, 02 June, 2016  03:26:13 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JAMES L. AMICK, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-4131 |
| | ) | |
| CRAIG CARPENTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff was granted leave to file an amended complaint pursuant to the Court's Merit Review Order.  (Doc. 8).  The matter is before the Court for review of Plaintiff's amended complaint.  (Doc. 11).

## ALLEGATIONS IN AMENDED COMPLAINT

Plaintiff alleges that officials at Knox County Jail refused to provide his previously prescribed medications for depression, knee and back pain, heartburn, and sinuses for 3-4 months.  Plaintiff alleges that he made several requests for medical treatment to Nurses Amy and Loraina.  Nurse Loraina allegedly responded to his requests by stating that she was not going to deal with Plaintiff's complaints of pain, that Plaintiff's pain "could not be that bad," and that she did not care, "[Plaintiff] will not be getting those meds in here."  Plaintiff alleges also that Nurse Amy refused to provide pain medication, and that Defendant Williams, the jail doctor, told Plaintiff if he were a horse, they would shoot him.  Plaintiff alleges further that jail officials told him in response to grievances that they did not have to treat his pain with any medication.

Next, Plaintiff alleges that he is only allowed to use the jail law library for one (1) hour per week, that it was closed for approximately 15 days in December 2015, and that the computer

in the law library is constantly "down."  As a result, Plaintiff alleges that he was unable to pursue a speedy trial demand in a legal matter in Tazewell County, Illinois, and that he was hindered in his pursuit of this case.

Finally, Plaintiff alleges the food quality at Knox County Jail is poor.  Plaintiff alleges he is constantly losing weight, and that jail officials denied him a copy of the food's nutritional value.

## ANALYSIS

### Medical Claims

Plaintiff has sufficiently alleged a claim for deliberate indifference to a serious medical need against Defendant Williams, Nurse Amy, and Nurse Loraina.  As noted in the Court's previous Merit Review Order, Plaintiff sufficiently alleged that he suffered from a serious medical need.

Construed in Plaintiff's favor, the allegations that medical staff at Knox County Jail denied or delayed his medications support an inference that the defendants acted with deliberate indifference, especially when read in conjunction with the defendants' alleged statements in response to Plaintiff's requests for medical treatment.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("Delay in treating a condition that is painful even if not life-threatening may well constitute deliberate indifference…." (citations omitted)); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) ("A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." (citation omitted)).

Ultimately, Plaintiff's claims will hinge on whether the treatment decisions made by Defendants Williams, Nurse Amy, and Nurse Loraina fell within acceptable bounds of

professional judgment.  *See Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008); *Berry*, 604 F.3d at 443 (nurses must "defer to treating physicians' instructions and orders in most situations . . . [unless] it is apparent that the physician's order will likely harm the patient.").  This determination, however, is best explored through discovery, rather than the pleadings stage.

### Access to the Courts

Plaintiff asserts an access-to-the-courts claim for denial of access to the law library.  Plaintiff alleges that the lack of an adequate law library has prevented him from pursuing otherwise meritorious claims—first, he was delayed in filing a speedy trial demand in Tazewell County, Illinois, and next, that he was prejudiced in pursuing this lawsuit.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  However, the Supreme Court in *Bounds* did not create "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  To prevail, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."  *Id.*; *see Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) ("[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts,* and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed.").

Plaintiff has not been prejudiced in this case by the lack of an adequate law library.  With regards to the Tazewell County case, a "delay [in filing a claim] becomes an injury only if it results in 'actual substantial prejudice to specific litigation.'"  *Johnson v. Barczak*, 338 F.3d 771, 773 (7th Cir. 2003) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 559 (7th Cir. 1995)).  Plaintiff has not alleged how the delay prejudiced him in any way.  Therefore, the Court finds that Plaintiff has failed to state a claim.

### Inadequate Food

Plaintiff alleges that the quality and nutritional value of the food served at Knox County Jail is poor.  As a result, Plaintiff alleges that he has lost weight as a result.  Jail officials are required only to provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it."  *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (citations omitted).

While Plaintiff may not like the food served at Knox County Jail, nothing in his amended complaint suggests that the food is prepared or served in a manner that presents a substantial risk to his safety or the safety of any other inmates.  Even assuming a substantial risk exists, Plaintiff has not provided any allegations to show that jail officials knew of a substantial risk to inmate safety and thereafter failed to act.  Accordingly, the Court finds that Plaintiff has failed to state a claim.

### Non-medical Defendants

Plaintiff named several jail administrators and members of the Knox County Sheriff's Office as defendants in this lawsuit.  Defendants Abernathy and Glossip are jail administrators,

and Defendants Carpenter, Cleque, and Caslin are members of the Knox County Sheriff's Office.[1]

Aside from Defendant Abernathy, Plaintiff does not make any specific allegations against these defendants.  To the extent that Plaintiff seeks to attach liability based upon these defendants' presumed supervisory positions, he may not do so.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (a government official may not be held liable under § 1983 on a theory of *respondeat superior*, that is, for the unconstitutional acts of his or her subordinates).  Defendants Glossip, Carpenter, Cleque, and Caslin will therefore be dismissed as defendants.

Plaintiff's only allegation against Defendant Abernathy is that Plaintiff spoke with him, and Plaintiff wrote a grievance concerning the medication he alleged he was not receiving.  Plaintiff does not allege what he told Defendant Abernathy, or the result of that conversation or grievance.  Liberally construed, Plaintiff is alleging that Defendant Abernathy ignored his requests for medical treatment, or failed to use his authority to remedy the situation.  Either way, Plaintiff states a plausible claim for deliberate indifference to a serious medical need against Defendant Abernathy.  *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) ("[O]nce an official is alerted to an excessive risk to inmate safety or health through a prisoner's correspondence, 'refusal or declination to exercise the authority of his or her office may reflect deliberate disregard.'" (citation omitted)).

### Plaintiff's Motion for Reconsideration

Plaintiff asks the Court to reconsider its denial of his previous motion to request counsel.  (Doc. 11).  "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  *Caisse Nationale de Credit Agricole v.*

---

[1] Plaintiff also names Dawn Dennis, a correctional sergeant, as a defendant.  This defendant was dismissed in the Court's Merit Review Order.  (Doc. 8).

*CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal citations and quotation marks

omitted).  Plaintiff alleges that the law library is inadequate and therefore he needs the services

of a lawyer.  Plaintiff, however, has not presented any evidence that would cause the Court to

reconsider its previous ruling at this time.  Plaintiff's correspondence with the Court has been

appropriate and this case is not overly complex at this stage in the proceedings.  Therefore,

Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1)  **Plaintiff's Motion for Leave to File Amended Complaint [10] is GRANTED.  Clerk is directed to docket the complaint as the Second Amended Complaint.**

2)  **Plaintiff's Motion for Reconsideration [11] is DENIED.**

3)  **Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim for deliberate indifference to a serious medical need against Defendants Williams, Nurse Amy, and Nurse Loraina.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

4)  **This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.**

5)  **The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

6)  **With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only**

by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

1) Add Nurse Amy and Nurse Loraina as defendants. Once counsel has filed an appearance on his behalf, Defendant Abernathy is directed to identify the full names of Nurse Amy and Nurse Loraina to the best of his ability, if not otherwise identified. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555-56 (7th Cir. 1996) (court must assist *pro se* plaintiff in identifying proper defendants where barriers in doing so exist).

2) Dismiss Defendants Carpenter, Cleque, Caslin, and Trinity Services Group for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A;

3) Attempt service on Defendants pursuant to the standard procedures;

4) **Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and,**

5) **Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

6) **Lastly, it is ordered that if a Defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

Entered this 2nd day of June, 2016.


_____*s/Michael M. Mihm*_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE